**UNITED STATES of America**

v.

**Willie ROGERS and Archie Benn, Defendants.**

**Cr. No. 46106.**

United States District Court
E. D. New York.
April 21, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. New York, New York City, for the United States, James M. Catterson, Jr., Asst. U. S. Atty., Long Island City, N. Y., of counsel.

Philip Dinitz, Brooklyn, N. Y., for defendant Willie Rogers.

BARTELS, District Judge.

On March 3, 1960, defendants were convicted of unlawfully possessing and forging a stolen Social Security check mainly upon the testimony of John Worthy and Cora Flack. Defendant Rogers now moves for a new trial under Rule 33 of the Rules of Criminal Procedure, 18 U.S.C.A., on the ground of newly discovered evidence.

The affidavits in support of this motion are addressed to the testimony of Cora Flack and, in effect, attempt to impeach her testimony upon the ground that she made certain statements prior to the trial in the presence of other witnesses while living with one Willie James, which exculpated Rogers from

any knowledge of the tainted nature of the check and that she made later statements which threatened Rogers with damaging testimony in the present action unless Rogers testified in the Felony Court against this Willie James, whom Cora Flack had subsequently charged with burglary. Since Rogers refused to so testify it is inferred, if not stated in these affidavits that Cora Flack's testimony in the present action was not only false but was motivated by revenge. The chief supporting affidavit is that of Willie James, obviously a partial witness, who remembers what was said on the night of August 3, 1958, the day before the check was cashed, as well as what was later said at the beginning of this year.

Assuming for the purpose of this motion the truth of the statements contained in the affidavits, the Court is of the opinion that (1) the defendant could have been convicted on the testimony of Worthy, Guberman and Rogers himself; (2) the affidavits, at most, establish prior inconsistent statements on the part of Cora Flack and a motive for the falsification of her testimony. Even these prior inconsistent statements show only that Rogers did not know the check was stolen the night before it was cashed. They do not show he did not know it was stolen when it was cashed the following day. In short, these affidavits do not establish that Cora Flack's testimony was false; they simply provide a motive for falsification and suggest that either her prior inconsistent statements made to James or her testimony was false; (3) this so-called newly discovered evidence was available to the defendant Rogers long before the trial because he knew that Cora Flack was living with Willie James in Rogers' own house during the period in question and because Rogers was present when Cora Flack made the alleged threats and he knew who else was present; and, finally, (4) there is no explanation by either defendant Rogers or his attorney why this testimony was not presented at the trial.

The principles upon which a motion for a new trial will be granted have been canvassed in United States v. Costello, 2 Cir., 1958, 255 F.2d 876, and in Larrison v. United States, 7 Cir., 1928, 24 F.2d 82. In determining whether to grant or deny a motion for a new trial, two recognized criteria appear from these cases: one is the test set forth in Berry v. State, 10 Ga. 511, 527, and the other is the test set forth in the Larrison case, supra. The former is much stricter than the latter. However, this motion will not qualify under either test because (a) the Court is not satisfied that the testimony of Cora Flack is false in its material aspects, or (b) that the moving party was taken by surprise by Cora Flack's testimony and did not know of its falsity until after the trial. Whether the jury *might* have reached a different conclusion without Cora Flack's testimony, this Court need not decide even if it could. Motion denied.